# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

**J&J SPORTS PRODUCTIONS, INC.,**     *

    **Plaintiff**     *

    **v.**     *

                                             **CIVIL NO. JKB-18-2603**

**JUDY'S ISLAND GRILL II LLC**     *
**d/b/a JUDY'S ISLAND GRILL et al.,**

    **Defendants**     *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

Pending before the Court is Defendants' Motion to Amend the Scheduling Order to Enlarge Time for Discovery. (ECF No. 25.) The motion is opposed by Plaintiff on the ground that Defendants have failed to show good cause for amendment of the scheduling order. (ECF No. 27.) Defendants have replied (ECF No. 31), and the matter is ripe for the Court's consideration. The motion will be granted in part and denied in part.

A scheduling order was entered October 31, 2018, and it provided that discovery be completed by March 1, 2019. (ECF No. 20.) An unsuccessful settlement conference occurred February 7, 2019, and Defendants' instant motion was filed on February 25, 2019, only four days before the discovery deadline (ECF No. 25). Having first attempted discovery so belatedly,[1] Defendants have mostly squandered the ample discovery period available to them. With one arguable exception, Defendants have failed to exercise appropriate diligence in litigating this

---

[1] Rule 33(b)(2) of the Federal Rules of Civil Procedure grants a party served with written interrogatories 30 days in which to answer them, unless the parties stipulate or the Court orders otherwise. Local Rule 104.2 requires that written discovery requests be served "at a sufficiently early time to assure that they are answered before the expiration of the discovery deadline set by the Court." This case's scheduling order required the completion of discovery by March 1, 2019, but Defendants apparently did not serve Plaintiff with interrogatories until the latter part of February, well short of the allowed 30 days for response.

case and have failed to show good cause for altering the scheduling order. Thus, to the extent they seek extension of the discovery deadline for them to propound written discovery, their motion will be denied. The exception for which the Court will grant a modest extension is for Defendants to depose Plaintiff's investigator, James Osgood, who apparently lives in New York and has effectively been incommunicado, not responding to communications from either Plaintiff's counsel or Defendants' counsel, according to Defendants' reply. Osgood is a necessary witness, and given the factual dispute apparently existing between the parties as to whether the copyright-protected television program was aired in Defendants' establishment, his credibility will be in issue. Plaintiff shall cooperate in making Osgood available in the District of Maryland for a deposition to be completed by March 29, 2019.

Accordingly, Defendants' motion (ECF No. 25) IS GRANTED IN PART in that the discovery deadline is extended to March 29, 2019, for the sole purpose of permitting Defendants to depose Plaintiff's investigator, James Osgood, AND IS OTHERWISE DENIED. The parties' joint status report shall be due on March 29, 2019, as well. Additionally, the deadline for filing dispositive motions IS EXTENDED to May 1, 2019.

DATED this 6 day of March, 2019.

BY THE COURT:

_____
James K. Bredar
Chief Judge